Patrick J. Somers (SBN 318766)
Emma M. Tehrani (SBN 329603)
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Tel: (310) 272-7918
Fax: (310) 556-2705
psomers@kbkfirm.com
etehrani@kbkfirm.com

*Attorneys for Defendant Virtu Financial, Inc.*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA BROADBAND, INC. ("AABB")<br><br>Plaintiff,<br><br>v.<br><br>VIRTU FINANCIAL, INC., GTS SECURITIES, G1 EXECUTION SERVICES, DOES 1-50, inclusive, and DOE Business Entities 1-50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00175-FLA-MAA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>*[Concurrently filed with Motion to Dismiss; Declaration of Daniel S. Sinnreich;[Proposed] Order]*<br><br>Date:　　　August 14, 2026<br>Time:　　　1:30 P.M.<br>Location:　　First Street U.S. Courthouse, Courtroom 6B<br>　　　　　350 W 1st Street, 6th Floor<br>　　　　　Los Angeles, CA 90012<br>Action Filed:　　January 7, 2026<br>Trial Date:　　None Set<br>Assigned to Hon. Fernando L. Aenlle-Rocha |

Case No. 2:26-cv-00175-FLA-MAA

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I.   INTRODUCTION

Defendants Virtu Financial, Inc. and GTS Securities ("Defendants") request that the Court take judicial notice of six public documents whose authenticity cannot reasonably be questioned.  Defendants request that the Court consider these materials in connection with Defendants' concurrently filed Motion to Dismiss the Complaint.

The documents to be considered include Plaintiff Asia Broadband's public filings with the U.S Securities and Exchange Commission ("SEC"), public year-end financial disclosure, and stock price history.  Specifically, Defendants request the Court take judicial notice of the following documents that are attached as exhibits to the Declaration of Daniel S. Sinnreich:

1. **Exhibit A**:  An excerpt of Asia Broadband, Inc.'s Registration Statement, filed with the SEC on Form SB-2, on May 5, 2004.

2. **Exhibit B**:  Asia Broadband, Inc.'s Registration Statement, filed with the SEC on Form 8-A on May 19, 2004.

3. **Exhibit C**:  An excerpt of Asia Broadband, Inc.'s Registration Statement, filed with the SEC on Form SB-2 on August 20, 2004.

4. **Exhibit D**:  An excerpt of Asia Broadband, Inc.'s Registration Statement, filed with the SEC on Form SB-2/A on May 17, 2005.

5. **Exhibit E**:  Asia Broadband Inc.'s Annual Report for the year ending on December 31, 2025, filed on March 29, 2026, pursuant to OTC Markets Group, Inc.'s Alternative Reporting Standards ("ARS").

6. **Exhibit F**:  Wall Street Journal market data providing the historical prices for Asia Broadband, Inc. Class A common stock (U.S.:OTC) from January 1, 2023 through April 23, 2026.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## II.   LEGAL STANDARD

When reviewing a motion to dismiss under the Private Securities Litigation Reform Act (the "PSLRA"), courts "must consider the complaint in its entirety. . . and [any] matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *accord Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) (same).  Pursuant to Federal Rule of Evidence 201, courts may take judicial notice of a fact that is "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court can consider facts subject to judicial notice on a motion to dismiss without "converting [that] motion into a motion for summary judgment."  *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted); *see also Johnson* v. *Cnty. of Los Angeles*, 2024 WL 4406789, at *2 n.1 (C.D. Cal. Jan. 31, 2024) ("The Court need not accept as true allegations that contradict facts that may be judicially noticed").

In *Garcia* v. *J2 Glob., Inc.*, 2021 WL 1558331, at *7-8 (C.D. Cal. Mar. 5, 2021) (Aenlle-Rocha, J.), this Court granted defendants' motion to dismiss in a PSLRA case while taking judicial notice of more than a dozen public documents, including the issuer-defendant's SEC filings, year-end financial disclosure, and stock price.  Defendants here seek judicial notice of precisely the same documents, except in this case those public documents were filed by the issuer-*Plaintiff*, and thus are not even arguably subject to "reasonable dispute" at this stage of the litigation.

## III.   ARGUMENT

All six exhibits are properly subject to judicial notice.

Exhibits A, B, C, and D are subject to judicial notice because they are Plaintiff's ordinary and public SEC filings.  In securities fraud cases, courts

-2-                    Case No. 2:26-cv-00175-FLA-MAA
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

routinely take judicial notice of SEC filings, which filings are publicly available and whose contents are not subject to dispute.  *See, e.g.*, *Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicially noticing "publicly available financial documents, including a number of [] SEC filings"); *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Garcia*, 2021 WL 1558331, at *8 (taking judicial notice of SEC filings for "the fact that representations or disclosures were made"); *Troy Grp., Inc.* v. *Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005).  Defendants cite these exhibits to show that Plaintiff made the disclosures cited therein.  And although courts may not take judicial notice "for the truth of the *disputed facts* asserted within" SEC filings, *Garcia*, 2021 WL 1558331, at *8 (emphasis added), these Exhibits were filed *by Plaintiff* and their contents are not disputed at the motion to dismiss stage.  Judicial notice of SEC filings is proper regardless of whether the filings are referenced in Plaintiff's complaint.  *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) (judicially noticing SEC filings "not referenced" in complaint).  Accordingly, Plaintiff's public SEC filings are properly subject to judicial notice.

Exhibit E is Plaintiff's Annual Financial Report for the year ending December 31, 2025 (the "2025 Annual Report").  The 2025 Annual Report is a required disclosure for Plaintiff pursuant to OTC Markets Group, Inc.'s Pink Basic Disclosure Guidelines, or Alternative Reporting Standards ("ARS").  *See Stoyas* v. *Toshiba Corp.*, 896 F.3d 933, 946 n.15 (9th Cir. 2018) (describing OTC Link's disclosure requirements).  The 2025 Annual Report was publicly filed with OTC Markets Group, Inc., on March 29, 2026, and is available at https://www.otcmarkets.com/stock/AABB/disclosure.  The 2025 Annual Report is the ARS equivalent of an annual report filed with the SEC on Form 10-K, which forms are routinely subject to judicial notice.  *See Garcia*, 2021 WL 1558331, at *8 (taking judicial notice of a foreign issuer's year-end "Report and Financial

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Statement" because it was "essentially the foreign equivalent of a Form 10-K"). Defendants cite the 2025 Annual Report for the purpose of referencing Plaintiff's financial disclosures, which plainly are "not subject to reasonable dispute" at this stage. Fed. R. Evid. 201(b). Exhibit E is thus properly subject to judicial notice. *See, e.g.*, *Finn* v. *Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of ARS filings).

Finally, Exhibit F is a chart listing Plaintiff's historical stock price data from January 1, 2023, through April 23, 2026, retrieved from Wall Street Journal Markets. Judicial notice of historical stock prices is proper because they "are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re Atossa Genetics Inc Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (cleaned up); *see also Metzler Inv. GMBH*, 540 F.3d at 1064 n.7. Courts therefore "routinely take judicial notice" of a company's published stock price history. *See, e.g.*, *Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (collecting cases); *Garcia*, 2021 WL 1558331, at *9. The Court should take judicial notice of Plaintiff's historical stock price data here.

## IV.   CONCLUSION

Defendants respectfully request that the Court take judicial notice of Exhibits A through F to the Sinnreich Declaration in considering Defendants' Motion to Dismiss.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

DATED:  April 24, 2026

Respectfully submitted,

By: */s/ Patrick J. Somers*

Andrew G. Gordon (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Alison R. Benedon (*pro hac vice*
application forthcoming*)
Daniel S. Sinnreich (*pro hac vice*)
Daniel A. Negless (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
agordon@paulweiss.com
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com

Patrick J. Somers (SBN 318766)
Emma M. Tehrani (SBN 329603)
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Tel: (310) 272-7918
Fax: (310) 556-2705
psomers@kbkfirm.com
etehrani@kbkfirm.com

*Attorneys for Defendant Virtu
Financial, Inc.*

By: */s/ Peter G. Wilson*

Patrick Malley Smith  (SBN 326644)
Ashley Taylor Brines (SBN 322988)
KATTEN MUCHIN ROSENMAN
LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Tel: 310-788-4400
Fax: 310-788-4471
patrick.smith@katten.com
ashley.brines@katten.com

Peter G. Wilson (*pro hac vice*)
Benjamin Levine (*pro hac vice*)
KATTEN MUCHIN ROSENMAN
LLP
525 W. Monroe Street
Chicago, IL 60661
Tel: 312-577-8106
peter.wilson@katten.com
benjamin.levine@katten.com

*Attorneys for Defendant GTS Securities*

-5-                    Case No. 2:26-cv-00175-FLA-MAA

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4, I attest that authorization in the filing of the foregoing document has been obtained from each of the other signatories.

DATED:  April 24, 2026          By:    */s/ Patrick J. Somers*
                                        Patrick J. Somers

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS