Patrick J. Somers (SBN 318766)
psomers@kbkfirm.com
Emma M. Tehrani (SBN 329603)
etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Tel: (310) 272-7918
Fax: (310) 556-2705

*Attorneys for Defendant Virtu Financial, Inc.*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA BROADBAND, INC. (AABB)<br><br>Plaintiff,<br><br>v.<br><br>VIRTU FINANCIAL, INC., GTS SECURITIES, G1 EXECUTION SERVICES, DOES 1-50, inclusive, and DOE Business Entities 1-50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00175-FLA-MAA<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS BY DEFENDANTS VIRTU FINANCIAL, INC. AND GTS SECURITIES**<br><br>Date: August 14, 2026<br>Time: 1:30 P.M.<br>Location: First Street U.S. Courthouse, Courtroom 6B<br>350 W 1st Street, 6th Floor<br>Los Angeles, CA 90012<br>Action Filed: January 7, 2026<br>Trial Date: None Set<br>Assigned to Hon. Fernando L. Aenlle-Rocha |

Case No. 2:26-cv-00175-FLA-MAA

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

Preliminary Statement ..................................................................................... 1

I.   Both Plaintiff's Complaint and Opposition Were Prepared with AI and Not Independently Confirmed by Counsel. ..........................................................2

II.  By Failing to Respond to *Any* Substantive Argument, Plaintiff Concedes the Fatal Defects in Its Complaint.......................................................................3

III. Plaintiff Should Not Be Permitted to Amend Its Frivolous Complaint. ..........5

IV.  The PSLRA Requires Rule 11 Findings and Sanctions Are Warranted. ..........5

Conclusion ......................................................................................................7

Attestation under Local Rule 5-4.3.4...............................................................11

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcala* v. *City of Garden Grove*,
  2025 WL 3496777 (C.D. Cal. Dec. 5, 2025) ...................................................... 5

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 4

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
  579 F.3d 143, 152 (2d Cir. 2009) ..................................................................... 6

*Destefano* v. *Zynga, Inc.*,
  2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ................................................ 5, 6

*Graham* v. *Dupont De Nemours, Inc.*,
  2026 WL 40833 (C.D. Cal. Jan. 6, 2026) (Aenlle-Rocha, J.) ...................... 6, 7

*Homsy* v. *Bank of Am., N.A.*,
  2013 WL 2422781 (N.D. Cal. June 3, 2013) ..................................................... 5

*Kar* v. *Patel*,
  2023 WL 8441482 (N.D. Cal. Oct. 12, 2023)................................................... 7

*Lee* v. *Retail Store Emp. Bldg. Corp.*,
  2017 WL 346021 (N.D. Cal. Jan. 24, 2017) ..................................................... 5

*Lnu* v. *Blanche*,
  177 F.4th 1014 (9th Cir. 2026)..................................................................... 1, 6

*Lunn* v. *City of Los Angeles*,
  629 F. Supp. 3d 1007 (C.D. Cal. 2022)............................................................ 4

*Orcutt* v. *Pelletier*,
  2023 WL 3735584 (9th Cir. May 31, 2023) ..................................................... 5

*Rezvani* v. *Jones*,
  2019 WL 1100149 (C.D. Cal. Mar. 6, 2019) .................................................... 6

*Townsend* v. *Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990)........................................................................... 7

*Truong* v. *KPC Healthcare, Inc.*,
  2024 WL 1984569 (C.D. Cal. May 3, 2024) .................................................... 4

*Williams* v. *Rashid*,
  2026 WL 1679286 (D. Nev. June 9, 2026) ....................................................... 6

**Statutes**

15 U.S.C. § 78u–4 .................................................................................................. 1, 4-7

28 U.S.C. § 1927 ........................................................................................................ 7

42 U.S.C. § 1983 ........................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................ 4

Fed. R. Civ. P. 9(b) .................................................................................................... 4

Fed. R. Civ. P. 11 ................................................................................................. 1, 5-8

Fed. R. Civ. P. 12 ...................................................................................................... 3

U.S. Const. art. III ..................................................................................................... 2

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiff's opposition ("Opposition" or "Opp."), ECF No. 47, is AI-generated gobbledygook that should never have been filed with this Court.  It is filled with bracketed "drafting guidance" that appears to be instructions to or from a generative-AI program to draft, among other things, "factual detail" and "respon[ses] to Defendant's [sic] specific arguments."  The filed Opposition is an incoherent and unfinished draft that does not address *any* element of *any* claim, much less respond to *any* substantive argument or case raised in Defendants' motion to dismiss ("Motion" or "Mot."), ECF No. 40.  By failing to address the substance of Defendants' Motion, Plaintiff concedes the pleading deficiencies that require dismissal of the Complaint.

Further, the federal securities laws mandate that the Court make Rule 11 findings upon entry of judgment in this case. 15 U.S.C. § 78u-4(c)(1).  Sanctions are warranted here based on the reckless, and clearly unvetted, use of AI to plead and defend frivolous claims.  As the Ninth Circuit recently warned the bar:  "be aware of the risks of overreliance on generative AI [and] read everything cited in a court filing—whether drafted by generative AI or not."  *Lnu* v. *Blanche*, 177 F.4th 1014, 1020 (9th Cir. 2026).  Plaintiff—whose counsel has been put on probation with the California State Bar on two separate occasions[1]—plainly failed to follow this basic

---

[1] Plaintiff's counsel is currently serving a two-year probationary period imposed by the California State Bar after counsel "admit[ted] culpability" in April 2025 for disclosing a client's confidential information in court filings without the client's informed consent.  Order Approving Stipulation, *In re Applbaum*, No. SBC-25-O-30285 (Cal. State Bar Ct. Apr. 1, 2025) (available at https://tinyurl.com/yc24arzv); Order on Discipline, *In re Applbaum*, No. S290526 (Cal. June 25, 2025) (available at https://tinyurl.com/3v5unevv).  In June 2020, the California State Bar previously imposed a one-year probationary period on Plaintiff's counsel for failing to deposit costs into client trust accounts.  Order Approving Stipulation, *In re Applbaum*, No. SBC-20-O-30299 (Cal. State Bar Ct. June 3, 2020) (available at https://tinyurl.com/2yd7vnws); Order on Discipline, *In re Applbaum*, No. S263325 (Cal. Sept. 16, 2020) (available at https://tinyurl.com/mwza5mby).

guidance. Plaintiff and/or its counsel should be required to pay Defendants' fees and costs for moving to dismiss the Complaint.

## I.    Both Plaintiff's Complaint and Opposition Were Prepared with AI and Not Independently Confirmed by Counsel.

Defendants' Motion explained that the Complaint and its 169 pages of "exhibits" were indecipherable, filled with meaningless jargon, and concededly prepared with the assistance of generative AI that Plaintiff's counsel did not independently confirm. Mot. 8, 11-12 & n.5. Plaintiff's Opposition offers no response and instead doubles down on the use of unvetted AI. Plaintiff's brief is incoherent and incomplete. It is littered with bracketed language that appears to be *unexecuted computer prompts* that are either instructions to or from a generative AI tool to draft discrete sections of the opposition brief. For instance:

- Opposition page 11 includes an instruction to identify specific facts in the Complaint that supposedly support Plaintiff's claims: "The Complaint alleges specific facts regarding [CATEGORIES OF FACTUAL DETAIL: who, what, when, where, how]. [Compl. ¶¶ [PARAGRAPH NUMBERS]]. These are precisely the types of factual allegations that must be accepted as true and analyzed for plausibility."

- Opposition page 13 includes "drafting guidance" for an unspecified "second cause of action": "THE COMPLAINT STATES A PLAUSIBLE CLAIM FOR [SECOND CAUSE OF ACTION] [DRAFTING GUIDANCE: Repeat the structure used for the first claim. Address the elements of the second cause of action, show how the Complaint's allegations satisfy each element, respond to Defendant's specific arguments regarding this claim, and include a policy rationale section. Tailor the analysis to the legal standards governing this particular claim.]."

- Opposition page 13 also includes a prompt to draft an argument about supposed "policy considerations": "Policy Considerations Support Plaintiff's Interpretation [Explain why Plaintiff's reading of the governing legal standard serves the purposes of the underlying statute or common law doctrine. Address systemic consequences of Defendant's interpretation. Connect to legislative intent, remedial purposes, or equitable considerations.] Summary [2-3 sentences restating why the second claim survives dismissal]."

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

- And Opposition pages 14-15 include several unexecuted instructions to respond to arguments Defendants did not even raise in their motion to dismiss, including arguments about Article III standing, statute of limitations, subject matter jurisdiction, venue, and personal jurisdiction. *See, e.g.*, Opp. at 14 ("Venue and Personal Jurisdiction Are Proper [If Defendant challenges venue under Rule 12(b)(3) or personal jurisdiction under Rule 12(b)(2): Address the specific challenge with citation to the Complaint's allegations and relevant authority. Note that these defenses are waived if not raised in the first responsive pleading or motion.].").

Plaintiff's Opposition also includes arguments—likely also drafted by generative AI—that are wholly irrelevant and have nothing to do with the claims in this case or Defendants' arguments. Page 12, for instance, argues that Defendants' motion should be denied on "public policy" grounds because "the early dismissal of civil rights claims would undermine the remedial purposes of Section 1983." Needless to say, Plaintiff's claims for securities fraud and market manipulation have nothing to do with "civil rights claims" or "Section 1983."

Based on these facial defects, which are obvious throughout the entire Opposition, there is no doubt that Plaintiff and its counsel failed independently to confirm the substance of the Opposition's AI-generated contents and forced Defendants to incur costs responding to frivolous arguments.

## II. By Failing to Respond to *Any* Substantive Argument, Plaintiff Concedes the Fatal Defects in Its Complaint.

Defendants' Motion showed that Plaintiff failed to state a claim for market manipulation under the Exchange Act and Nevada state law because the Complaint failed to adequately allege four essential elements: (i) loss causation, (ii) reliance, (iii) manipulative acts, and (iv) scienter. Mot. 14-28. Plaintiff's Opposition offers *no response whatsoever* to these arguments. Indeed, other than twice listing the elements challenged in Defendants' Motion, Opp. 2, 3, Plaintiff's Opposition does not even *mention* "causation," "reliance," "manipulative acts," or "scienter." The Opposition does not cite Plaintiff's own Complaint or reference *any allegation* from

-3-  Case No. 2:26-cv-00175-FLA-MAA

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

it.  Beyond a single passing reference on page 7, the Opposition does not mention Defendants' alleged conduct at all.  Nor does it contain a single citation to Defendants' Motion or any case it cited.  In short, Plaintiff's Opposition fails to contend with, or even mention, any of Defendants' arguments.

Rather than addressing the sufficiency of the Complaint, the Opposition offers two irrelevant arguments:  *First*, Plaintiff argues that it is principally a "precious-metals producer," and not, as Defendants argued, a "crypto company," which Plaintiff insists is only a "secondary" business.  *See* Opp. 3-5.  This is irrelevant to the Motion, but, in any event, Plaintiff's own Complaint described its business to include "*digital asset development*, precious metals operations, and technology-based financial services."  ¶ 1 (emphasis added).  *Second*, Plaintiff argues that the Complaint satisfies the notice pleading requirements of Rule 8 and *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), which require "facial plausibility."  *See* Opp. 2, 7-11.  This, too, is irrelevant because Plaintiff's fraud claims are governed by the heightened pleading standards of the PSLRA and Rule 9(b).  Mot. 14.  Plaintiff's Opposition does not acknowledge these pleading requirements or argue that the Complaint satisfies this high bar.[2]

The Opposition thus does not address the grounds for dismissal raised in the Motion.  Where, as here, "a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."  *Lunn* v. *City of Los Angeles*, 629 F. Supp. 3d 1007, 1014 (C.D. Cal. 2022); *Truong* v. *KPC Healthcare, Inc.*, 2024 WL 1984569, at *9 (C.D. Cal. May 3, 2024) ("Plaintiff did not address this argument in her opposition.  Thus, her second theory of liability is subject to dismissal as abandoned.").

---

[2] Even if Plaintiff's claims were subject only to notice pleading under Rule 8 (they are not), the Opposition *still* does not identify *any* facts that satisfy that standard.  For example, page 9 of Plaintiff's opposition argues, with no citation or elaboration, that: "Plaintiff need only plead factual content that allows the Court to draw the reasonable inference that [ELEMENT TWO] is satisfied, and the Complaint does so."

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

**III.    Plaintiff Should Not Be Permitted to Amend Its Frivolous Complaint.**

Plaintiff seeks leave to amend should the Court grant Defendants' Motion. Opp. 15.  Courts in this circuit, however, routinely grant dismissal with prejudice and deny leave to amend where, as here, a plaintiff abandons its claims. *See, e.g.*, *Lee* v. *Retail Store Emp. Bldg. Corp.*, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) ("The Court denies leave to amend because Plaintiffs' failure to even argue the issue in their opposition indicates a waiver of this claim."); *Alcala* v. *City of Garden Grove*, 2025 WL 3496777, at *10 (C.D. Cal. Dec. 5, 2025) ("[W]hen a plaintiff abandons or fails to oppose an argument addressing a particular claim in a motion to dismiss, courts routinely treat that abandonment or failure as the plaintiff's assent to dismissal with prejudice."); *Homsy* v. *Bank of Am., N.A.*, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013) (similar).  Allowing Plaintiff to amend in this case would only reward Plaintiff for its vexatious filings.

Additionally, Plaintiff fails to explain what additional facts an amendment would contain and how they would cure the numerous deficiencies in the Complaint. Instead, the Opposition simply states:  "Plaintiff possesses additional factual allegations regarding [CATEGORIES OF ADDITIONAL FACTS] that would cure any pleading deficiency identified by the Court."  Opp. 15 (bracketed AI-generated prompt in Opposition).  That is insufficient, and leave to amend should be denied. *Orcutt* v. *Pelletier*, 2023 WL 3735584, at *2 (9th Cir. May 31, 2023) (leave to amend inappropriate where plaintiff "wholly failed to explain how any amendment, if permitted, could cure the defects [the court] identified").

**IV.    The PSLRA Requires Rule 11 Findings and Sanctions Are Warranted.**

The PSLRA requires, "upon final adjudication of the action, the court ***shall*** include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u–4(c)(1) (emphasis added).  Such findings are mandatory, not discretionary.  *Destefano* v.

-5-                    Case No. 2:26-cv-00175-FLA-MAA

*Zynga, Inc.*, 2016 WL 537946, at *21 (N.D. Cal. Feb. 11, 2016) ("[C]ourts are required to make Rule 11 findings" "[i]n any private action arising under the PSLRA."); *see also Rezvani* v. *Jones*, 2019 WL 1100149, at *4 (C.D. Cal. Mar. 6, 2019) ("'Upon final adjudication,' of a private securities action, a Court must 'include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b).'") (citing PSLRA).   "The PSLRA sanctions provision forecloses the kind of safe harbor afforded in Rule 11(c)(2)." *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009).

Rule 11(b) "provides for the imposition of sanctions when a [filing] is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Graham* v. *Dupont De Nemours, Inc.*, 2026 WL 40833, at *5 (C.D. Cal. Jan. 6, 2026) (Aenlle-Rocha, J.).   "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Id.*   Here, Plaintiff's and its counsel's abject failure to review Plaintiff's AI-generated filings was frivolous under Rule 11(b), particularly after Defendants emailed Plaintiff's counsel to express concern about Plaintiff's use of generative AI. *See* Dkt. 40-8 (Ex. G).   The Ninth Circuit recently issued a "warning to the members of this Court's bar: be aware of the risks of overreliance on generative AI [and] read everything cited in a court filing—whether drafted by generative AI or not." *Lnu*, 177 F.4th at 1020.   The court in that case imposed sanctions where, as here, attorneys filed briefs that relied on generative AI and failed to "read the . . . briefs before submitting them." *Id.* at 1028.   Other courts in this circuit have imposed sanctions in similar circumstances. *E.g.*, *Williams* v. *Rashid*, 2026 WL 1679286, at *4-6 (D. Nev. June 9, 2026) (where attorneys drafted briefs using generative AI and filed briefs without correcting "fabrications and inaccuracies," court imposed sanctions including striking faulty filings and awarding attorneys' fees).

But even if the Opposition was not clearly AI-generated, sanctions would still be warranted because there is no basis to conclude that Plaintiff's claim for market manipulation is likely to "have evidentiary support," or that the claim is "warranted by existing law." *See* Fed. R. Civ. P. 11(b)(2), (3). As Defendants' Motion made clear, the Complaint does not contain a single well-pleaded factual allegation that supports a claim for market manipulation, and in fact makes *no attempt* to plead several essential elements of a manipulation claim, such as causation and reliance. The Complaint—and Opposition, as described above—are patently frivolous, whether generated by AI or not, providing an independent basis for the Court to impose sanctions. *Townsend* v. *Holman Consulting Corp.*, 929 F.2d 1358, 1362, 1366 (9th Cir. 1990) (affirming frivolity of amended complaint and awarding sanctions where filing attorney "conducted absolutely no inquiry").

Defendants respectfully submit that the Court should impose sanctions requiring Plaintiff and its counsel to pay Defendants' fees and costs in moving to dismiss the Complaint. Alternatively, the Court should order Plaintiff and its counsel to show cause why they should not be sanctioned for their frivolous and unvetted filings. *See Kar* v. *Patel*, 2023 WL 8441482, at *5 (N.D. Cal. Oct. 12, 2023) (granting motion to dismiss securities fraud claims with prejudice and ordering plaintiff's counsel to show cause why sanctions should not be imposed "in light of the PSLRA's mandate against the frivolous filing of securities fraud claims").[3]

## CONCLUSION

For these reasons, and those in Defendants' motion, the Court should dismiss

---

[3] The Court may also issue sanctions pursuant to its inherent authority and 28 U.S.C. § 1927, which "vests federal courts with the power to hold attorneys personally liable for fees and costs incurred by the opposing party" when the lawyer "wrongly proliferates litigation proceedings once a case has commenced." *Graham*, 2026 WL 40833, at *4-5 (imposing sanctions where plaintiffs filed a "frivolous" complaint and engaged in motion practice that "abused the judicial process" and "unnecessarily increased Defendants' costs").

-7-   Case No. 2:26-cv-00175-FLA-MAA

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

the Complaint with prejudice.  After dismissal, the Court should engage in the mandatory review for "abusive litigation" required by 15 U.S.C. § 78u-4(c), and should impose sanctions under Rule 11 or order Plaintiff and its counsel to show cause why sanctions should not be imposed.

DATED:  July 16, 2026

By: */s/ Patrick J. Somers*
Andrew G. Gordon (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
Daniel A. Negless (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 6th Avenue
New York, NY  10019
agordon@paulweiss.com
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com

Patrick J. Somers (SBN 318766)
Emma M. Tehrani (SBN 329603)
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California  90067
Tel: (310) 272-7918
Fax: (310) 556-2705
psomers@kbkfirm.com
etehrani@kbkfirm.com

*Attorneys for Defendant Virtu
Financial, Inc.*

Respectfully submitted,

By: */s/ Peter G. Wilson*
Patrick Malley Smith  (SBN 326644)
Ashley Taylor Brines (SBN 322988)
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
Tel: 310-788-4400
Fax: 310-788-4471
patrick.smith@katten.com
ashley.brines@katten.com

Peter G. Wilson (*pro hac vice*)
Benjamin Levine (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL  60661
Tel: 312-577-8106
peter.wilson@katten.com
benjamin.levine@katten.com

*Attorneys for Defendant GTS Securities*

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Patrick J. Somers, counsel of record for Virtu, certify that this brief contains 2410 words, which complies with the word limit of L.R. 11-6.1.


DATED:  July 16, 2026                  Respectfully submitted,


By:  */s/ Patrick J. Somers*
      Patrick J. Somers

-10-                Case No. 2:26-cv-00175-FLA-MAA

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4, I attest that authorization in the filing of the foregoing document has been obtained from each of the other signatories.

DATED: July 16, 2026

By:   */s/ Patrick J. Somers*
Patrick J. Somers

-11-   Case No. 2:26-cv-00175-FLA-MAA

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS